MARCUS D. MAGNESS, #149388
mmagness@gwvm.com
JENNIFER J. PANICKER, #258656
jpanicker@gwvm.com
SCOTT L. JONES, #250974
sjones@gwvm.com
GILMORE, WOOD, VINNARD & MAGNESS
P.O. Box 28907
Fresno, CA  93729-8907
Telephone: (559) 448-9800
Facsimile: (559) 448-9899

Attorneys for Defendant Spartz, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ADORIAN DECK; MARYLOU DECK, as Legal Guardian of ADORIAN DECK, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>SPARTZ, INC., a Delaware corporation and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:11-CV-01123-JAM-DAD<br><br>**MOTION TO DISMISS COMPLAINT FOR LANHAM ACT VIOLATIONS, RESCISSION OF WRITTEN CONTRACT AND RELATED CLAIMS**<br><br>DATE: September 7, 2011<br>TIME: 9:30 a.m.<br>CTRM: 6<br>JUDGE: John A. Mendez |

I.

INTRODUCTION

Plaintiffs Adorian Deck ("Deck") and Marylou Deck as Legal Guardian of Adorian Deck, a minor (together, "Plaintiffs") filed their Complaint in this matter on or about April 27, 2011.  This Court lacks personal jurisdiction over Defendant Spartz, Inc., an Indiana corporation improperly named as a Delaware corporation ("Spartz, Inc."), venue in this Court is improper and the Complaint fails to state a claim upon which relief can be granted.  Therefore, the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2), (3) and (6).

9126-0\00251217.000

1

2:11-CV-01123
MOTION TO DISMISS COMPLAINT FOR LANHAM ACT VIOLATIONS, RESCISSION OF WRITTEN CONTRACT AND RELATED CLAIMS

GILMORE, WOOD,
VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA 93729-8907

II.

STATEMENT OF FACTS

Plaintiffs reside in Nevada County, California. (Complaint ¶ 4). Deck was a minor at the time of filing the Complaint, but reached the age of majority on May 22, 2011. (*Ibid*). In September 2009, like millions of other teenagers in America, Deck opened an account on the social networking site Twitter. (*Id*. at ¶ 4). Twitter is a service website allowing ". . . friends, family, and co-workers to communicate and stay connected through the exchange of quick, frequent messages" called Tweets. (Request for Judicial Notice ("RJN") Exhibit A p. 1, Exhibit B p. 1). Any individual can sign up to be on Twitter, so long as they have access to an internet connection. (*Id*. at Exhibit B p. 1). The service is free. Each Twitter user selects a username, which must be preceded by the @ sign. (RJN Exhibit A p. 3).

Individuals can sign up on Twitter and simply follow the Tweets posted by other Twitter users. (*Id*. at p. 2). To "follow" someone on Twitter simply means that a user will automatically receive any update or Tweet posted by the individual being followed. (RJN Exhibit B p. 2). Alternatively, users can post their own Tweets (i.e. they engage in "tweeting") and try to obtain followers of their own. (*Ibid*). The Twitter support website encourages these individuals to "[t]ry posting a message mentioning a celebrity or person you admire." (RJN Exhibit A p. 3). Twitter accounts can also be linked to blogs, Facebook or websites in an effort to gain more followers. (*Ibid*). Twitter tracks the number and identity of followers a particular user has. (RJN Exhibit B, p. 2).

Presumably to attract followers, Deck selected the username "@OMGFacts," found factual tidbits about various subjects from already published sources, and copied and republished the information in a series of Tweets. (Complaint ¶ 8). More than 300,000

9126-0\00251217.000

2

2:11-CV-01123
MOTION TO DISMISS COMPLAINT FOR
LANHAM ACT VIOLATIONS, RESCISSION OF
WRITTEN CONTRACT AND RELATED
CLAIMS

GILMORE, WOOD,
VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA  93729-8907

people signed up to follow Deck. (*Ibid*). In February of 2010, Emerson Spartz[1] of Defendant Spartz, Inc. emailed Deck and discussed creating a website using the format and name "OMG Facts." (*Id*. at ¶ 10; Declaration of Spartz). Eventually the parties entered into an agreement whereby Spartz, Inc. would share a portion of gross revenue earned from the joint venture (which included the OMG Facts website and a YouTube channel) with Deck. (*Id*. at ¶ 10, Exhibit to Complaint). The parties also agreed that Spartz, Inc. would promote merchandise created by Deck to be sold for Deck's benefit and would direct website and YouTube channel visitors to Deck's separate private YouTube channel. (Exhibit to Complaint). Deck, with Marylou Deck signing as his legal guardian due to Deck's minority status, and Spartz, Inc. entered into a contract on or about April 27, 2010 (the "Contract") setting forth the parties' joint venture agreement. (*Id*. at ¶ 11). All of this was effected over the internet. At all times, Spartz, Inc. was situated in the Midwest.

Deck now wishes to rescind the Contract and claims that, based on the Contract's rescission, Spartz, Inc.'s continued performance under the Contract constitutes violations of the Lanham Act and California Business and Professions Code. Nowhere does the Complaint allege that Spartz, Inc. has breached the Contract. Instead, Plaintiffs appear to be complaining because Spartz, Inc. is performing its contractual obligations.

### III.
### THE COMPLAINT SHOULD BE DISMISSED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER SPARTZ, INC.

Federal Rule of Civil Procedure 12(b)(2) permits a party to bring a motion to dismiss for lack of personal jurisdiction. As is the case for any out-of-state defendant, jurisdiction over Spartz in California is based on the U.S. Constitution which guarantees procedural "due process." U.S. Const. Amend. 14, § 1. The standard for interpreting procedural "due process" under the U.S. Constitution provides that it can be met by any of

---

[1] A website founder in his early 20's. (RJN Exhibit C).

9126-0\00251217.000   3   2:11-CV-01123
MOTION TO DISMISS COMPLAINT FOR
LANHAM ACT VIOLATIONS, RESCISSION OF
WRITTEN CONTRACT AND RELATED
CLAIMS

GILMORE, WOOD,
VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA 93729-8907

the traditional bases of jurisdiction such as domicile, appearance, consent, or service. Fed. R. Civ. Proc. R. 12(b). None of these traditional bases are present here.

California's long-arm statute, which governs service upon an out-of-state defendant, provides that "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code Civ. Proc. § 410.10; *Integral Development. Corp. v. Weissenbach* (2002) 99 Cal.App.4th 576, 583 . Although the statute is intended to exercise broad jurisdiction, it is constrained by constitutional considerations of due process. *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444. Due process prevents a valid judgment from being imposed over a defendant where that defendant has not been given adequate notice or where the defendant is not subject to the personal jurisdiction of the court. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).

Spartz, Inc. is not domiciled in California. Rather, it is an Indiana corporation with its principal place of business in the State of Indiana. It does not consent to jurisdiction here and none has been granted under the Contract. Spartz, Inc. has made no appearance in this matter, except to contest jurisdiction. The traditional bases necessary to allow this Court to exercise jurisdiction are lacking here.

A.   <u>Spartz, Inc. Lacks Minimum Contacts with California</u>

If the traditional bases of jurisdiction are not found, the court cannot exercise jurisdiction unless the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). As explained by the high court, "each individual has a liberty interest in not being subject to the judgments of a forum with which he or she has established no meaningful minimum contacts, ties or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-472 (1985), quoting *International Shoe, supra*, at 319 (internal quotations omitted).

There are two types of jurisdiction under the minimum contacts doctrine: (1)

9126-0\00251217.000

GILMORE, WOOD, VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA  93729-8907

4

2:11-CV-01123
MOTION TO DISMISS COMPLAINT FOR LANHAM ACT VIOLATIONS, RESCISSION OF WRITTEN CONTRACT AND RELATED CLAIMS

general jurisdiction and (2) specific jurisdiction. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). General jurisdiction applies where a defendant's activities in the state are "substantial" or "continuous and systematic," even if the claims asserted are unrelated to those activities. *Id.* at 1361. On the other hand, "[w]here general jurisdiction is inappropriate, a court may still exercise specific jurisdiction if the defendant has sufficient contacts with the forum state in relation to the cause of action." *Id.*

Spartz has no presence in California. (Declaration of Spartz). It has no employees[2], agents, or property in California. (*Ibid*). It maintains no offices and conducts no business there. (*Ibid*). Therefore, general jurisdiction is not appropriate.

To evaluate the nature and quality of a defendant's contacts for purposes of specific jurisdiction, the Ninth Circuit uses a three-part test: 1) some action must be taken whereby the defendant purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; 2) the claim must arise out of or result from the defendants' forum-related activities; and 3) exercise of jurisdiction must be reasonable. *Sher, supra,* at 1361.

1. First Prong – Purposeful Availment

If the defendant is not "present" in the forum, or its equivalent, then the defendant must either purposefully direct activities to the forum state, or purposefully avail itself of the benefits and protections of the forum. *Burger King v. Rudzewicz, supra,* at 473-475. Such "purposeful availment" requires some type of affirmative conduct by the

---

[2] With the limited exception of a single part-time employee who works writing Harry Potter themed blogs for MuggleNet.com, a separate and unrelated website owned by Spartz, Inc. This employee can perform his work anywhere there is an internet connection. He moved to California from New Jersey and he resides there now. His work is performed solely online. He has never been involved with OMG Facts in any way. He works from his home.

9126-0\00251217.000   5   2:11-CV-01123
MOTION TO DISMISS COMPLAINT FOR
LANHAM ACT VIOLATIONS, RESCISSION OF
WRITTEN CONTRACT AND RELATED
CLAIMS

GILMORE, WOOD,
VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA 93729-8907

defendant which permits or promotes his business within the forum state. *Sher, supra*, at 1362.

As stated above, Spartz, Inc. has no presence within California. Spartz, Inc. has not engaged in any conduct to promote its business within California because it does no business there at all. (Declaration of Spartz). Spartz, Inc. conducts all of its business outside of California. The only activity that took place in California – Deck's creation and use of the OMGFacts Twitter account – happened before the parties entered the contract and was an action of Deck – not Spartz, Inc. (Complaint ¶¶ 8, 9). The only "business" engaged in was Deck granting permission for Spartz, Inc. to make use of the concept Deck had already created – and this "business" was conducted wholly on the internet. *Id.* at ¶ 10. Deck could have been *anywhere* (in any state, abroad, etc.) with an internet connection at the time. The Complaint does not allege that the Contract negotiations or execution occurred in California, and they did not. (Declaration of Spartz). Deck was not asked to and did not conduct any business for Spartz, Inc. in California. Any contact Spartz, Inc. had with Deck could not have been to promote or further its business within California because it had none. All use of the "property" in dispute here is made outside of California. The inquiry should end here.

2. <u>Second Prong – Relation to Action</u>

The second prong requires a plaintiff's claim(s) to arise out of or result from the defendant's forum-related activities. "The second prong of the specific jurisdiction test is met if 'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen." *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995). Plaintiffs' claim arguably does "arise" out of the contact, if it can be described as such. Nonetheless, this prong is not at issue here.

3. <u>Third Prong – Reasonable</u>

Even if the court finds "minimum contacts with the forum state," it cannot assert personal jurisdiction where doing so would be unreasonable. The factors to

9126-0\00251217.000   6   2:11-CV-01123
MOTION TO DISMISS COMPLAINT FOR
LANHAM ACT VIOLATIONS, RESCISSION OF
WRITTEN CONTRACT AND RELATED
CLAIMS

GILMORE, WOOD,
VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA 93729-8907

determine whether exercising personal jurisdiction is fair and substantially just, i.e., reasonable, are: 1) The burden on the defendant; 2) The forum state's interest in adjudicating the dispute; 3) The plaintiff's interest in obtaining convenient and effective relief; 4) The interstate judicial system's interest in obtaining the most efficient resolution of controversies; and 5) The shared interest of the several states in furthering fundamental substantive social policies. *Burger King v. Rudzewicz, supra*, at 477.

The burden on Spartz, Inc. to litigate in California is very high. It has no offices or facilities anywhere near California. All of its witnesses and evidence is located more than a thousand miles away in the Midwest. Moreover, Spartz, Inc. is a small business with a small number of employees, most, if not all, of whom would be witnesses and required to travel to California for the trial. That would leave no one to mind the store, so to speak. Spartz, Inc. would be unable to operate its business during that time. (Declaration of Spartz). This places Spartz, Inc. in an untenable situation. Caught between Scylla and Charybdis, Spartz, Inc. should not be forced to choose between sacrificing its business and abandoning its defense of this claim. It is unreasonable for this court to exercise jurisdiction over Spartz, Inc.

Admittedly, both states have an interest in adjudicating claims involving their respective residents. In this case, however, the interests of Indiana far outweigh those of California. All work with regard to the Contract was to be performed outside California by employees of Spartz, Inc.. As an Indiana business, Spartz, Inc. generates tax revenue for that state and provides jobs to its residents. The same cannot be said for Plaintiffs. Any contacts with California are incidental and attenuated.

Obviously, Plaintiffs have an interest in obtaining convenient and effective relief and California would be more convenient for them. It would not, however, be as effective because in the unlikely event they were to prevail, they would be able to quickly obtain a judgment in the home state of Spartz, Inc., whereas it would be more time consuming and costly to do so in California.

9126-0\00251217.000                                7                       2:11-CV-01123
GILMORE, WOOD,                                                 MOTION TO DISMISS COMPLAINT FOR
VINNARD & MAGNESS                                          LANHAM ACT VIOLATIONS, RESCISSION OF
A PROFESSIONAL CORPORATION                                      WRITTEN CONTRACT AND RELATED
P.O. BOX 28907                                                                CLAIMS
FRESNO, CA 93729-8907

The several states have an interest in not having their courts filled with disputes between citizens of foreign states. If jurisdiction is loosely asserted in this type of scenario, then courts in various states would be forced to adjudicate lengthy and expensive disputes that are wholly unrelated to the state. Exercising jurisdiction here would also be contrary to a fundamental public policy. The Contract between the parties is governed by a forum selection clause that specifies all disputes shall be adjudicated in Indiana. There is a strong public policy to enforce such contractual provisions.

Given the circumstances of the dispute, the non-existent or negligible contact Spartz, Inc. has with California, and the unfair, time consuming and costly result regardless of which party prevails, it would be unreasonable for this Court to exercise its jurisdiction over Spartz, Inc.

B.   Forum Selection Clause

The Supreme Court and Ninth Circuit have made it clear that strong public policy supports the enforcement of forum selection clauses. *See Carnival Cruise Lines v. Shute*, 499 U.S. 585, 593-94 (1991) (noting salutary effect of forum selection clauses in international trade); *Northrop Corp. v. Triad International Marketing S.A.*, 811 F.2d 1265, 1270 (9th Cir. 1987) (forum selection clauses "should be enforced absent strong reasons to set them aside"); *E. & J. Gallo Winery v. Andina Licores S.A.*, 440 F.Supp.2d 1115, 1126 (E.D. Cal. 2006).

Similarly, California's policy favoring access to its courts by its resident plaintiffs is satisfied where a plaintiff freely and voluntarily negotiates away his right to a California forum. *Smith, Valentino & Smith, Inc. v. Superior Court*, 17 Cal.3d 491, 495 (1976). Both California and federal law presume a contractual forum selection clause is valid and place the burden on the party seeking to overturn the forum selection clause. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Schlessinger v. Holland America*, 120 Cal.App.4th 552, 558 (2004). Thus, it is the burden of the party opposing the enforcement of the forum selection clause to show that its enforcement would be

9126-0\00251217.000

GILMORE, WOOD,
VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA 93729-8907

8

2:11-CV-01123
MOTION TO DISMISS COMPLAINT FOR
LANHAM ACT VIOLATIONS, RESCISSION OF
WRITTEN CONTRACT AND RELATED
CLAIMS

unreasonable. *CQL Original Products, Inc. v. National Hockey League Players' Assn.*, 39 Cal.App.4th 1347, 1353-54 (1995).

Given the significance attached to forum selection clauses, a plaintiff seeking to defeat such a clause is required to demonstrate that enforcement of the clause would be unreasonable under the circumstances of the case, i.e., that the forum selected would be unavailable or unable to accomplish substantial justice. *Cal-State Business Products & Services, Inc. v. Ricoh*, 12 Cal.App.4th 1666, 1679 (1993). When determining whether enforcement of a forum selection clause is reasonable, the choice of forum need only have some rational basis in light of the facts underlying the transaction. *Id.* at 1679. Nonetheless, the various factors involved in the traditional forum non conveniens analysis do not control. *Intershop Communications AG v. Superior Court*, 104 Cal.App.4th 191, 198 (2002).

California courts routinely enforce forum selection clauses even where the chosen forum is far from the plaintiff's residence. *Net2phone, Inc. v. Superior Court*, 109 Cal.App.4th 583, 588 (2003). Moreover, a forum selection clause may be enforced against a plaintiff who is not a party to the contract in question if the plaintiff is "closely related to the contractual relationship." *Id.*

The choice of forum provision is rationally related to the agreement and designed to protect Spartz, Inc. which conducts its business via the internet, from being confronted by a myriad of different state, provincial and national forums. By selecting Indiana as the forum, Spartz, Inc. wishes to obtain a uniform interpretation of the terms of its agreements consistent with its principal place of business. The reasonableness of this provision is thus furthered by the rational relationship it has to the parties' business relationship.

## IV.

## THE COMPLAINT SHOULD BE DISMISSED BECAUSE VENUE IS IMPROPER

Federal Rule of Civil Procedure 12(b)(3) permits a party to bring a motion to

9126-0\00251217.000    9    2:11-CV-01123
MOTION TO DISMISS COMPLAINT FOR LANHAM ACT VIOLATIONS, RESCISSION OF WRITTEN CONTRACT AND RELATED CLAIMS

GILMORE, WOOD, VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA 93729-8907

1  dismiss for improper venue. The **plaintiff** has the burden of proving that venue is proper.
2  *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).
3        Plaintiffs allege that venue is proper in this judicial district pursuant to 28
4  U.S.C. Section 1391(a), (b) and (c). (Complaint ¶ 2). Venue cannot be based on both 28
5  U.S.C. Section 1391(a) and Section 1391(b). Those Sections are mutually exclusive.
6  Section 1391(a) provides the test for venue where jurisdiction is founded solely on
7  diversity of citizenship. Section 1391(b) provides the test for venue where jurisdiction is
8  *not* founded solely on diversity of citizenship. Plaintiffs here allege that jurisdiction is
9  based on both federal question and diversity of citizenship. (Complaint ¶1). Therefore,
10 jurisdiction is not founded solely on diversity of citizenship and the applicable venue test is
11 set forth in Section 1391(b). Section 1391(c) informs the test by setting forth that "a
12 defendant that is a corporation shall be deemed to reside in any judicial district in which it
13 is subject to personal jurisdiction at the time the action is commenced."
14       28 U.S.C. Section 1391(b) sets forth a series of venue tests. First, the civil
15 action may be brought in "a judicial district where any defendant resides, if all defendants
16 reside in the same State." 28 U.S.C. § 1391(b). There is only one defendant, so the action
17 may be brought in any judicial district where Spartz, Inc. resides. Spartz, Inc. is an Indiana
18 corporation with its principal place of business in Indiana, so this action could have been
19 brought in the proper district in that state. (Complaint ¶ 5). As set forth above, this Court
20 does not have personal jurisdiction over Spartz, Inc. and therefore Spartz, Inc. does not
21 "reside in" this district. 28 U.S.C. § 1391(c). Therefore, venue in this district is not proper.
22       Next, the action may be brought "in a judicial district in which a substantial
23 part of the events or omissions giving rise to the claim occurred, or a substantial part of
24 property that is the subject of the action is situated." There is no tangible property at issue
25 in this case. The claim in this action involves the parties' Contract (cause of action one)
26 and Spartz, Inc.'s continued performance of that Contract (causes of action two, three and
27 four). As set forth above, Spartz, Inc. has no contact with California. Plaintiffs do not
28

GILMORE, WOOD,
VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA 93729-8907

9126-0\00251217.000

10

2:11-CV-01123
MOTION TO DISMISS COMPLAINT FOR
LANHAM ACT VIOLATIONS, RESCISSION OF
WRITTEN CONTRACT AND RELATED
CLAIMS

allege any activity by Spartz, Inc. in California or that the Contract was entered into, performed or breached in California. All of Spartz, Inc.'s activities that Plaintiffs allege constitute violations of the Lanham Act and California's Business and Professions Code involve Spartz, Inc.'s regular business activity in creating and managing websites and YouTube channels. That activity takes place in Indiana and, to a lesser extent, in Spartz, Inc.'s offices in Illinois. The Complaint is devoid of any reference to activity occurring in this district, much less the events or omissions giving rise to Plaintiffs' claims.

Finally, because there is at least one district in which the action could be brought, 28 U.S.C. § 1391(b)(3) is inapplicable. Therefore, venue is not proper in this district pursuant to 28 U.S.C. Section 1391 and this action should be dismissed with prejudice.

V.

### THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM

Assuming, arguendo, that this Court does not find a lack of personal jurisdiction or improper venue, the Complaint should be dismissed because it is not well pleaded. Federal Rule of Civil Procedure 12(b)(6) permits a party to bring a motion to dismiss a complaint where the complaint fails to state a claim upon which relief can be granted. Unlike an argument under Rule 12(b)(2) or (3), when considering a Rule 12(b)(6) argument, the court must accept all of the allegations of fact set forth in the complaint as true and must construe those facts in the light most favorable to the plaintiffs. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citations omitted). However, the court is "'not required to accept as true conclusory allegations . . .'" and should not "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Ibid.* (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Also unlike arguments under Rule 12(b)(2) and (3), extrinsic evidence may

9126-0\00251217.000 — 11 — 2:11-CV-01123 MOTION TO DISMISS COMPLAINT FOR LANHAM ACT VIOLATIONS, RESCISSION OF WRITTEN CONTRACT AND RELATED CLAIMS

GILMORE, WOOD, VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA 93729-8907

not be considered in ruling on an argument under Rule 12(b)(6). *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. Cal. 2001) (citations omitted). The court must look solely to the face of the complaint and to those items which may be judicially noticed. *Ibid.*

A.  The First Cause of Action Fails to State a Claim

Plaintiffs seek to rescind the Contract pursuant to California Family Code Section 6710, which provides that "[e]xcept as otherwise provided by statute, a contract of a minor may be disaffirmed by the minor before majority or within a reasonable time afterwards or, in case of the minor's death within that period, by the minor's heirs or personal representative."

Spartz, Inc. is informed and believes that Deck is the true Plaintiff in this case and that his mother was simply named as a plaintiff in her capacity as Deck's legal guardian, to be supplanted by Deck and removed from this matter when Deck reached the age of majority. (Complaint ¶ 4). To the extent this is the case, Deck's mother should be removed as a plaintiff, as Deck is currently eighteen years of age. However, to the extent Deck's mother is seeking to rescind any obligation she may have personally had under the Contract on the basis of Section 6710, she fails to state a claim. It is undisputed that Deck's mother was not a minor at the time the Contract was entered into. It is also undisputed that Deck is not deceased. The law is clear that no one other than the minor (or the minor's heirs or personal representative if the minor is deceased) may rescind on the basis of Section 6710. Fam. Code § 6710; *Hastings v. Dollarhide* (1864) 24 Cal. 195.

Nor does the first cause of action state a claim as to Deck. If a minor reaching the age of majority wishes to disaffirm a contract, the only remedy available is for him to disaffirm the entire contract. "A party cannot apply to his own use that part of the transaction which may bring to him a benefit, and repudiate the other, which may not be to his interest to fulfill." *Babu v. Petersen* (1935) 4 Cal.2d 276, 286. Moreover, where a minor reaching the age of majority disaffirms a contract, he must restore the consideration

9126-0\00251217.000                           12                          2:11-CV-01123
MOTION TO DISMISS COMPLAINT FOR
LANHAM ACT VIOLATIONS, RESCISSION OF
WRITTEN CONTRACT AND RELATED
CLAIMS

GILMORE, WOOD,
VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA 93729-8907

1  which he had received or pay its equivalent. *Le Baron v. Berryessa Cattle Co.* (1926) 78
2  Cal. App. 536, 548. A disaffirmation pursuant to Section 6710 is essentially governed by
3  basic rules of rescission and "the trial court is vested with broad discretion to see that
4  equity is done." *Ibid.* The trial court must "balance the equities running through the entire
5  transaction . . . to determine whether the consideration or its equivalent has not in fact been
6  restored" keeping in mind that "[t]he purpose of [Section 6710] is to place the party
7  dealing with the minor in statu quo . . . ." *Id.* at 548-49.

8         In this case, Deck seeks to disaffirm the contract and prays for a judicial
9  declaration of rescission and return of the parties to their pre-Contract status quo.
10 (Complaint ¶ 18). He also seeks an award of the revenues received by Spartz, Inc.
11 pursuant to the Contract. (*Ibid*). The Contract provides for a division between Deck and
12 Spartz, Inc. of the gross revenue earned as a result of the parties' joint venture. Deck's
13 prayer for all of the revenue earned exceeds the provisions of the Contract. More
14 importantly, it evidences an attempt by Deck to disaffirm one portion of the Contract but
15 retain another. Deck may either pray for total rescission of the Contract or he may seek to
16 earn revenue pursuant to the terms of the Contract and the efforts and investment of Spartz,
17 Inc.; he cannot have it both ways. Moreover, the Complaint does not provide any
18 provision for the mandatory restoration of Spartz, Inc. after disaffirmation. As such, the
19 first cause of action is insufficiently pleaded and should be dismissed.

20 B.    <u>The Second, Third and Fourth Causes of Action Fail to State a Claim</u>

21        Plaintiffs contends that Deck has a common law trademark (identified in the
22 Complaint as "Plaintiff's Mark"[3]) of the name "OMG Facts" (a contention Spartz, Inc.

---

[3] Spartz, Inc. will refer to this herein as "Plaintiff's Mark" to keep references in the pleadings consistent for the benefit of this Court. It should be emphasized, however, that Spartz, Inc. denies that Plaintiff has any trademark or other intellectual property right over any portion of the parties' joint venture or property related thereto.

9126-0\00251217.000        13        2:11-CV-01123
MOTION TO DISMISS COMPLAINT FOR
LANHAM ACT VIOLATIONS, RESCISSION OF
WRITTEN CONTRACT AND RELATED
CLAIMS

GILMORE, WOOD,
VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA 93729-8907

denies) and that the Contract provides the only basis for Spartz, Inc. to lawfully utilize Plaintiff's Mark. (Complaint ¶¶ 9, 20-31). Plaintiffs argue that because Deck has disaffirmed the Contract pursuant to Family Code Section 6710, Spartz, Inc. no longer has a right to utilize Plaintiff's Mark and its doing so constitutes a violation of the Lanham Act and California Business and Professions Code. Spartz, Inc.'s allegedly impermissible use of Plaintiff's Mark due to disaffirmation of the Contract is the only grounds upon which Plaintiffs base their second, third and fourth causes of action. The very allegations set forth in the Complaint indicate that the Contract has not been disaffirmed and is still in operation. As such, Plaintiffs' second, third and fourth causes of action are unripe and fail to state a claim.

Plaintiffs' cause of action for rescission fails to state a claim and, as of this date, Plaintiffs have not disaffirmed the Contract. While a legal action is not necessary to effectively disaffirm a contract pursuant to Family Code Section 6710, a contract is not disaffirmed unless and until the minor makes an act or declaration "disclosing an **unequivocal** intent to repudiate" the contract. *Spencer v. Collins* (1909) 156 Cal. 298, 303-04 (emphasis added) (sufficient "act or declaration" found where a minor to a real estate contract conveyed the real property deed); *Berg v. Traylor* (2007) 148 Cal. App. 4th 809 (sufficient "act or declaration" found in a case involving a talent agent's contract with a minor upon certified notice to the agent of discontinuation of use of agent's services and actual cessation of agent's assistance thereafter by minor).

The Complaint, on its face, evidences that Deck has not made the requisite act or declaration disclosing an **unequivocal** disaffirmation of the Contract. The Contract provides for shared revenue from the joint venture OMGFacts website and YouTube site. It also provides for advertisement on the website and YouTube channel of Deck's merchandise and Deck's private YouTube channel, solely for Deck's benefit. Deck's conduct, as set forth on the face of the Complaint, shows that he wishes to not abide by certain portions of the Contract but wishes to enforce others. This is not permitted in a

9126-0\00251217.000                     14                     2:11-CV-01123
MOTION TO DISMISS COMPLAINT FOR
LANHAM ACT VIOLATIONS, RESCISSION OF
WRITTEN CONTRACT AND RELATED
CLAIMS

GILMORE, WOOD,
VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA 93729-8907

disaffirmation and does not show a total and unequivocal disaffirmation by Deck.

Specifically, Deck filed the instant action seeking revenues earned under the joint venture pursuant to the Contract. (Complaint ¶ 18). Deck seeks royalties pursuant to the Contract. (*Id.* at 9:9). And, Deck seeks an accounting of profits pursuant to the Contract. (*Id.* at 9:11). That Deck is currently prosecuting this action, wherein he seeks accounting and royalties pursuant to the terms of the Contract indicates that Deck wishes to enforce the Contract. This is the opposite of disaffirmation.

Moreover, nowhere in the Complaint do Plaintiffs allege that Deck has restored any compensation he received pursuant to the Contract to Spartz, Inc. This is a necessary element of a proper disaffirmation. Unless and until Deck **unequivocally** disaffirms the Contract, including ceasing his efforts to enforce portions of it, and adequately restores Spartz, Inc., no disaffirmation has taken place, the Contract remains a valid and binding document and Spartz, Inc.'s continued performance under the Contract is necessary and proper.

## VI.

## CONCLUSION

Therefore, Plaintiffs' Motion should be denied and the Complaint should be dismissed with prejudice.

DATED: June 27, 2011

GILMORE, WOOD, VINNARD & MAGNESS

By: _____
Marcus D. Magness
Jennifer J. Panicker
Attorneys for Defendant Spartz, Inc.

9126-0\00251217.000    15    2:11-CV-01123
MOTION TO DISMISS COMPLAINT FOR
LANHAM ACT VIOLATIONS, RESCISSION OF
WRITTEN CONTRACT AND RELATED
CLAIMS

GILMORE, WOOD,
VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA 93729-8907