UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADORIAN DECK; MARYLOU DECK, as Legal Guardian of ADORIAN DECK, a minor <br><br> Plaintiffs, <br><br> v. <br><br> SPARTZ, INC., A Delaware corporation and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:11-CV-01123-JAM-DAD <br><br> <u>ORDER DENYING DEFENDANT'S MOTION TO DISMISS AS TO ADORIAN DECK AND GRANTING DEFENDANT'S MOTION AS TO MARYLOU DECK</u> |

This matter comes before the Court on Defendant Spartz, Inc.'s ("Defendant") Motion to Dismiss (Doc. #7) Adorian Deck's and Marylou Deck's Complaint (collectively "Plaintiffs") (Doc. #1) for lack of personal jurisdiction, improper venue, and failure to state a claim pursuant to several subsections of Federal Rules of Civil Procedure 12(b).  Plaintiff Mary Lou Deck signed the Complaint in the capacity of Adorian Deck's Legal Guardian.  Plaintiffs oppose, in part, the motion to dismiss (Doc. #13).[1]  For the reasons set forth below, Defendant's motion is GRANTED in part and DENIED in

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

1

part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In September 2009, Adorian Deck ("Deck") created a Twitter feed titled "@OMGFacts." The feed collected and republished interesting and trivial facts from other sources on the Internet. @OMGFacts was eventually subscribed to by over 300,000 Twitter users, including some celebrities.

Adorian Deck was approached via email and Internet chat by Emerson Spartz of Defendant Spartz, Inc. with a proposal for a joint venture to expand the @OMGFacts Twitter feed into a suite of Internet products including a website and Youtube.com video channel. Defendant would construct am OMG Facts website and populate the Youtube.com channel with content. The @OMGFacts Twitter feed would remain under Adorian Deck's control, but access would be shared with Defendant. The concept of republishing or highlighting various factual tidbits collected from other sources would remain largely the same across the different products, and all products would be branded with the OMG Facts brand. All disputes related to the agreement were to be governed by Indiana law, and the venue for any legal action related to the agreement was to be the federal or state courts located in Indiana.

The terms of the joint venture as described were memorialized in a contract titled "Contractor Agreement" signed by both Plaintiffs and Defendant. The negotiations related to the agreement occurred via email and Internet Chat. Defendant agreed to create and maintain the website and Youtube.com channel. The agreement assigned 30% of gross revenues from the Youtube.com

1 channel to Plaintiffs.  Defendant also agreed to promote the sale
2 of certain OMG Facts products such as t-shirts on the OMG Facts
3 website.  Plaintiffs retained 100% of the revenues from t-shirt
4 sales.  Finally, Defendant agreed to advertise Adorian Deck's
5 personal Youtube.com channel on the OMG Facts website.  In
6 exchange, Plaintiffs agreed to assign to Defendant all existing and
7 future interests in title and copyright of work related to the
8 subject matter of the parties' agreement.  Adorian Deck further
9 agreed to render services to Defendant via the Internet from time
10 to time.

11 　　　Adorian Deck resides in Nevada County, California.  He was
12 born on May 22, 1993 and was a minor when this action was filed.
13 In an "OMG-moment" prior to his 18th birthday, Adorian Deck
14 notified Defendant that he wished to disaffirm the parties'
15 agreement and later filed the instant action to that effect.
16 Plaintiffs seek a return of the OMG Facts related intellectual
17 property.  Plaintiffs' Complaint includes the following causes of
18 action: 1) Rescission of Contract under California Family Code
19 § 6710; 2) False Designation of Origin, 15 U.S.C. § 1125(a)(1)(A);
20 3) False Advertising, 15 U.S.C. § 1125(a)(1)(B); and 4) Unfair
21 Competition and False Advertising, California Bus. & Prof. Code
22 §§ 17200-17210.

23 　　　The Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a),
24 and 1367.  Additionally, the Court has diversity jurisdiction
25 pursuant to 28 U.S.C. § 1332(a)(1).

26
27
28

## II.   OPINION

### A.   Legal Standard

Federal Rules of Civil Procedure 12(b) sets forth defenses that may be raised in response to claims for relief including lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim, and failure to join a party under Rule 19.  Fed. R. Civ. P. 12(b).

In considering a motion to dismiss, the Court must accept the allegations in the Complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

### B.   Personal Jurisdiction

Defendant, an Indiana corporation, argues that this Court does not have personal jurisdiction over it because it lacks sufficient contacts with California to satisfy a "minimum contacts" analysis. Plaintiffs contend that sufficient minimum contacts arose when Defendant executed a contract with Plaintiff Deck, a California

4

resident and minor at the time, which required continuing performance on Plaintiff Deck's part for the life of the contract.

When a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the court's personal jurisdiction over the defendant. Cubbage v. Merchant, 744 F.2d 665, 667 (9th Cir. 1984). If the district court does not conduct an evidentiary hearing on the jurisdictional challenge, a plaintiff need only make a prima facie showing of personal jurisdiction. Action Embroidery Corp. v. Atlantic Embroidery, Inc., 368 F.3d 1174, 1177 (9th Cir. 2004). In determining if a prima facie showing has been made, the court must take the uncontroverted allegations of the Complaint as true, and conflicts between the parties' affidavits must be resolved in plaintiff's favor. Id.

> Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same.

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004) (internal citations omitted). Federal due process is satisfied when the nonresident defendant has "minimum contacts" with the forum state, "such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." Id. at 801 (quoting Int'l Shoe v. Washington, 326 U.S. 310, 316 (1945)). Minimum contacts give rise to either general jurisdiction or specific jurisdiction. Id. at 801-02.

To demonstrate general jurisdiction, a plaintiff must show that a defendant's contacts were continuous and systematic. Id. at 801. Plaintiffs do not argue in their opposition brief that the

Court has general jurisdiction over Defendant, but focus only on specific jurisdiction.  Accordingly, the Court finds that Plaintiffs do not meet their burden to show general jurisdiction.

To evaluate the nature and quality of a defendant's contacts for purposes of specific jurisdiction, the Ninth Circuit uses a three part test: 1) some action must be taken whereby the defendant purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; 2) the claim must arise out of the defendant's activities in the forum; and 3) the exercise of personal jurisdiction must comport with fair play and substantial justice.  Id. at 802.

### 1. Purposeful Availment[2]

> A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there.  By taking such actions, a defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'

Id. at 803 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). Purposeful availment is also found where a nonresident defendant "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." Doe

---

[2] The parties debate about the distinction between purposeful availment and purposeful direction.  The Ninth Circuit recognizes both purposeful availment and purposeful direction as sufficient bases to show a nonresident defendant's minimum contacts.  See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).  Since the Court finds that Defendant is subject to personal jurisdiction through purposeful availment, it is not necessary to determine whether or not Defendant also purposefully directed activity toward California.

v. Unocal Corp., 248 F.3d 915, 924 (9th Cir. 2001) (quoting Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988)). Here, Plaintiffs allege that Defendant executed a contract with a minor who was and continues to be a California resident. Plaintiffs further allege that the intellectual property that was a significant portion of the subject matter of the contract was created by Adorian Deck while residing in California. Plaintiffs, California residents, claim that Defendant sought to contract with them for purchase of the OMG Facts intellectual property. Plaintiffs also allege that Adorian Deck was to perform under the contract in California. Defendant argues it did not establish minimum contacts with California because it conducts no business there beyond maintaining a single employee who is able to live in this state because his work is conducted exclusively online.

    Defendant's argument ignores the properly pleaded terms of the contract between the parties. Plaintiffs allege that Defendant purchased intellectual property from Plaintiffs, both California residents, and established an ongoing relationship with Adorian Deck who was to "render internet related services as requested by [Defendant] from time to time." Compl. Ex. #1, at 2. It is immaterial that the primary method of communication between the parties was electronic and that Adorian Deck's performance was to occur online. The Internet is not a place, and Adorian Deck was to complete his performance in California, his place of residence. The fact that he was to send the resulting materials to Defendant via the Internet does not change the nature of the parties' relationship. The entire relationship arose, as alleged by Plaintiffs and adopted for the purposes of this motion as true,

when Defendant approached Adorian Deck about entering into an ongoing contractual agreement, giving rise to a business transaction sufficient to show purposeful availment. Sinatra v. Nat'l Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988) ("[T]he solicitation of business in the forum state that results in business being transacted or contract negotiations will probably be considered purposeful availment.") (citing Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 840 (9th Cir. 1986)).

Based on the allegations in the Complaint, and, primarily, the undisputed fact that Defendant solicited Deck's business in California (rather than the other way around), the Court finds that Defendant purposefully availed itself of the benefits and protections of California law when it solicited business from Adorian Deck, then a minor resident of California, and then entered into an ongoing contractual relationship with him.

### 2. The Claims' Relation to Defendant's Forum Activities

Plaintiffs allege and Defendant does not dispute that the dispute arises out of the contractual relationship between the parties. Accordingly, the Court finds that Plaintiffs' claims are sufficiently related to Defendant's forum activities to satisfy this prong of the "minimum contacts" analysis.

### 3. Fair Play and Substantial Justice

Once a plaintiff makes a prima facie showing of personal jurisdiction by satisfying the first two prongs of the specific jurisdiction minimum contacts analysis, the burden shifts to the defendant to make a compelling case that personal jurisdiction is unreasonable. Menken v. Emm, 503 F.3d 1050, 1057 (9th Cir. 2007) (citing Schwarzenegger, 374 F.3d at 802).

8

> [I]t is not enough that the [defendant] demonstrate that some other forum is more reasonable than California, it must show a due process violation; it must show that jurisdiction in California would make the litigation 'so gravely difficult and inconvenient that a party unfairly is at a severe disadvantage in comparison to his opponent.'

Sher v. Johnson, 911 F.2d 1357, 1365 (9th Cir. 1990) (quoting Burger King, 471 U.S. at 478). The factors to determine whether exercising personal jurisdiction is fair and reasonable are:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

Menken, 503 F.3d at 1058 (citing CE Distrib., LLC v. New Sensor Corp., 380 F.3d 1107, 1112 (9th Cir. 2004)).

Factor (1), the extent of the defendants' purposeful interjection into the forum state's affairs, favors Plaintiffs. Defendant reached out to a California resident, a minor, to propose and enter into an ongoing joint venture agreement. There is no indication from either party that Plaintiffs reached out to Defendant, an Indiana Corporation, to initiate their business relationship.

Factor (2), the burden on the defendant of defending in the forum, favors Plaintiffs. Requiring a nonresident defendant to defend locally is not unreasonable "in this era of fax machines and discount air travel." Sher, 911 F.2d at 1365. Further, Defendant points out that some of its work can be accomplished by employees through any connection to the Internet, which reduces Defendant's

burden in defending locally.  Decl. of Emerson Spartz ¶3.  The Court acknowledges that Defendant will face some expense associated with an out of state defense; however, Defendant fails to show that its burden places it at such a disadvantage that due process is implicated.

Factor (3), the extent of conflict with the sovereignty of the defendant's state, favors Plaintiffs.  There is no indication that litigation of this matter in California creates a conflict with the sovereignty of the State of Indiana.

Factor (4), the forum state's interest in adjudicating the dispute, favors Plaintiffs.  It is true, as Defendant argues, that Indiana has an interest in adjudicating claims against its corporations as they employee Indiana citizens and pay Indiana taxes.  However, California has a strong interest in protecting its minor residents from contractual obligations when they wish to disaffirm them.  See Cal. Fam. Code § 6710 (permitting minors to disaffirm most contracts); see also Niemann v. Deverich, 98 Cal.App.2d 787, 793 (1950) ("It is the policy of the law to protect a minor against himself and his indiscretions and immaturity as well as against the machinations of other people and to discourage adults from contracting with an infant.").  In the balance, California's interest in protecting its minor residents from contractual obligations arising during their legal incapacity is stronger than Indiana's interest in protecting its corporate citizens as it is not unusual for corporations to engage in business across state lines.

Factor (5), the most efficient judicial resolution of the controversy, is neutral.  This action is already before this Court,

1  making dismissal and refiling in Indiana less efficient than
2  adjudication in California.  Defendant does argue that many of its
3  witnesses and much of its supporting evidence are in Indiana.  On
4  the other hand, both Plaintiffs reside here in California.
5       Factor (6), the importance of the forum to the plaintiffs'
6  interest in convenient and effective relief, favors Plaintiffs.
7  Adorian Deck is an 18 year old resident of California.  This action
8  arises from a contract that was executed when he was a minor, and
9  without legal capacity to contract.  Cal. Fam. Code § 6710.
10 Defendant does not address this factor, and this Court finds that
11 Adorian Deck will be burdened by out of state litigation such that
12 his interest in convenient and effective relief will be severely
13 harmed.
14      Factor (7), the existence of an alternative forum, favors
15 Defendant.  No party argues that Indiana courts are unavailable or
16 insufficient for the purposes of this litigation.
17      Weighing all the factors, this Court finds that Defendant has
18 failed to carry its burden to show that litigation in California is
19 "so gravely difficult and inconvenient" that its right to due
20 process is violated by this action.  <u>Burger King</u>, 471 U.S. at 478.
21      Plaintiffs demonstrate a prima facie case that this Court has
22 personal jurisdiction over Defendant, which Defendant fails to
23 rebut.  For this reason, Defendant's motion to dismiss for lack of
24 personal jurisdiction is DENIED.
25      C.   <u>The Forum Selection Clause</u>
26      Defendant argues that the contract between it and Plaintiffs
27 contains a forum selection clause that requires this action to be
28 filed in Indiana.  Defendant further argues that Plaintiffs did not

11

restore consideration paid to them under the agreement, making any attempted disaffirmation ineffective.  Plaintiffs argue that the contract was disaffirmed on adequate grounds, and the entire contract is now void, including the forum selection clause. Plaintiffs respond to the consideration issue by saying that returning consideration is not necessary.

California law permits a minor to disaffirm a contract during minority or within a reasonable time after reaching majority.  Cal. Fam. Code § 6710.  "A contract (or conveyance) of a minor may be avoided by any act or declaration disclosing an unequivocal intent to repudiate its binding force and effect." Spencer v. Collins, 104 P. 320, 322 (Cal. 1909).  A minor's disaffirmation need not be in writing, as oral disaffirmation is sufficient. Pereira v. Toscano, 258 P. 429, 431 (Cal. Dist. Ct. App. 1927). Disaffirmation by a minor rescinds the entire contract, rendering it a nullity. Scollan v. Gov't Employees Ins. Co., 222 Cal.App.2d 181, 183-84 (1963).  The effect of disaffirmation by a minor is largely the same as rescission, and as such a legal action for disaffirmation is one in equity, and "the trial court is vested with a broad discretion to see that equity is done." Le Baron v. Berryessa Cattle Co., 248 P. 779, 784 (Cal. Dist. Ct. App. 1926).

Adorian Deck alleges in the Complaint that he earlier provided notice of his intent in writing to disaffirm the contract to Defendant.  Compl. ¶ 17.  Defendant does not dispute this allegation.  Further, the Complaint itself, also filed while Adorian Deck was a minor, states intent to disaffirm the contract.

Adorian Deck alleges that he disaffirmed the contract that is the subject matter of this litigation while a minor.  The legal

12

effect of the alleged disaffirmation, interpreting the facts as stated in the Complaint as true for the purposes of this motion, is that all terms of the contract are now legally void.

There is case law stating that a disaffirmation by a minor does not require the return of consideration for the disaffirmation to be effective if the disaffirmation is made before the minor reaches the age of majority, but that a disaffirmation post majority requires the return or offer to return consideration received. See e.g. Burnand v. Irigoyen, 30 Cal.2d 861, 865 (stating the pre and post minority disaffirmation rules). The underlying law, Cal. Civ. Code § 35 was repealed and replaced with Cal. Fam. Code § 6710. See Id.; Berg v. Traylor, 56 Cal. Rptr. 3d 140, 147 (Ct. App. 2007). Section 6710 no longer requires restoration of consideration for any disaffirmed contract. This position is supported by the result in Berg v. Traylor. In that case, a minor was permitted to disaffirm all obligations under a contract, even for services previously rendered, without restoring consideration or the value of services rendered to the other party. Berg, 56 Cal. Rptr. 3d at 147-48.

For these reasons, the Court finds that the forum selection clause is not enforceable due to Adorian Deck's alleged disaffirmation, and the Defendant's motion to dismiss on this ground is DENIED.

D.  Venue

Plaintiffs allege that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(a), (b), and (c). Compl. ¶2. Defendant argues that a venue analysis is only proper under § 1391(b) since this action is not based solely on the Court's

13

diversity jurisdiction, and that venue is improper under this section.

28 U.S.C. § 1391(b) indicates that venue is proper 1) in any district "where any defendant resides, if all defendants reside in the same State." Thereafter, subsection (c) explains that a defendant corporation resides in any district where it is subject to personal jurisdiction at the time the action commences. 28 U.S.C. § 1391(c).

Here, the only defendant is Spartz, Inc., an Indiana corporation. Based on the allegations in Plaintiffs' Complaint, the Court found personal jurisdiction over Defendant. Since Defendant is subject to personal jurisdiction in this district, this district is a proper § 1391(b) venue for this action since, according to 28 U.S.C. § 1391(c), Defendant resides in this district. Defendant's motion to dismiss for lack of venue is DENIED.

E. <u>Defendant's Motion to Dismiss For Failure to State a Claim</u>

1. <u>First Cause of Action</u>

Defendant argues that Plaintiff MaryLou Deck does not have a disaffirmation right under California law, and that she should be dismissed from the lawsuit. Plaintiffs agree, and explain that MaryLou Deck was included in the Complaint only due to Adorian Deck's minor status at the time of filing, but her presence in light of Adorian's 18th birthday is unnecessary. The Court agrees. The motion to dismiss MaryLou Deck from this action is GRANTED.

Defendant argues that Plaintiff Adorian Deck does not state a claim upon which relief can be granted because on the one hand Deck

14

seeks to disaffirm the contract between the parties, while on the other hand he seeks damages for contractual breach as if the contract is still in force.  Deck responds that he has unequivocally alleged his intention to seek complete disaffirmance of the contract and Defendant's motion herein is simply a quarrel over the remedies available to Deck upon disaffirmance.  The Court agrees.

At this stage in the litigation, a dispute about the appropriate equitable remedies does not make Deck's claim subject to dismissal.  The Complaint provides Defendant fair notice of the grounds upon which this action is predicated. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 554-56 (2007) (Federal Rules of Civil Procedure 8(a)(2) only requires a plaintiff to state the grounds for relief and factual allegations sufficient to raise "the right to relief above the speculative level. . . ."). Further, Plaintiff clearly alleges that Defendant continues to operate as if the contract was not disaffirmed, necessitating the present action. Thus, Plaintiff properly pleads a cause of action for disaffirmation.  The specific remuneration available to each party as a result is to be determined at a later stage based on the Court's broad discretion to provide remedies in equity. <u>Le Baron</u>, 248 P. at 784.  Accordingly, the motion to dismiss the First Cause of Action is DENIED.

    2.   <u>Second, Third, and Fourth Causes of Action</u>

Defendant seeks to dismiss the remaining causes of action based generally on the unauthorized use of Plaintiff's common law trademark on the grounds that Plaintiff has not unequivocally disaffirmed the contract between the parties.  Defendant's argument

1  is that if the contract is still valid, then Plaintiff cannot claim
2  that use of the mark is without authorization.  Plaintiff claims
3  that written notice of disaffirmation was provided and that at the
4  least, the present action is sufficient to disaffirm the contract.
5  Further, Plaintiff argues that since the contract is disaffirmed,
6  Defendant wrongfully used and continues to use Plaintiff's mark in
7  violation of the Lanham Act, 15 U.S.C. § 1125.
8      As discussed above, the Court finds that Plaintiff has
9  sufficiently plead the disaffirmation of the contract.  As a
10 result, Plaintiff likewise has properly pled the revocation of
11 Defendant's permission to use Plaintiff's mark.  The Complaint
12 clearly states that Plaintiff intends to disaffirm the contract
13 between the parties, which is a legally sufficient disaffirmation.
14 Compl. ¶ 17; Spencer, 104 P. at 322.  The Complaint also alleges
15 that Plaintiff previously notified Defendant that he wished to
16 disaffirm the contract.  Compl. ¶ 17.  Since the only argument
17 against the second, third, and fourth causes of actions is that the
18 contract was not disaffirmed, and the Court finds that Plaintiff
19 sufficiently pleaded the agreement's disaffirmation, the motion to
20 dismiss the remaining causes of action is DENIED.
21                         III. ORDER
22     For the reasons set forth above,
23     Defendant's motion to dismiss is DENIED with respect to
24 Plaintiff Adorian Deck and GRANTED with respect to Plaintiff
25 Marylou Deck.
26     IT IS SO ORDERED.
27 Dated: September 27, 2011
                                    _____
28                                  JOHN A. MENDEZ,
                                    UNITED STATES DISTRICT JUDGE