UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ADORIAN DECK; MARYLOU DECK, as Legal Guardian of ADORIAN DECK, a minor | ) ) ) | Case No. 2:11-CV-01123-JAM-DAD |
| Plaintiffs, | ) ) ) ) | ORDER DENYING DEFENDANT'S MOTION TO DISMISS AS TO ADORIAN DECK AND GRANTING DEFENDANT'S MOTION AS TO MARYLOU DECK |
| v. | ) ) ) | |
| SPARTZ, INC., A Delaware corporation and DOES 1 through 10, inclusive, | ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the Court on Defendant Spartz, Inc.'s ("Defendant") Motion to Dismiss (Doc. #7) Adorian Deck's and Marylou Deck's Complaint (collectively "Plaintiffs") (Doc. #1) for lack of personal jurisdiction, improper venue, and failure to state a claim pursuant to several subsections of Federal Rules of Civil Procedure 12(b).  Plaintiff Mary Lou Deck signed the Complaint in the capacity of Adorian Deck's Legal Guardian.  Plaintiffs oppose, in part, the motion to dismiss (Doc. #13).[1]  For the reasons set forth below, Defendant's motion is GRANTED in part and DENIED in

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

1    part.

2

3                    I.    FACTUAL AND PROCEDURAL BACKGROUND

4         In September 2009, Adorian Deck ("Deck") created a Twitter

5    feed titled "@OMGFacts."  The feed collected and republished

6    interesting and trivial facts from other sources on the Internet.

7    @OMGFacts was eventually subscribed to by over 300,000 Twitter

8    users, including some celebrities.

9         Adorian Deck was approached via email and Internet chat by

10   Emerson Spartz of Defendant Spartz, Inc. with a proposal for a

11   joint venture to expand the @OMGFacts Twitter feed into a suite of

12   Internet products including a website and Youtube.com video

13   channel.  Defendant would construct am OMG Facts website and

14   populate the Youtube.com channel with content.  The @OMGFacts

15   Twitter feed would remain under Adorian Deck's control, but access

16   would be shared with Defendant.  The concept of republishing or

17   highlighting various factual tidbits collected from other sources

18   would remain largely the same across the different products, and

19   all products would be branded with the OMG Facts brand.  All

20   disputes related to the agreement were to be governed by Indiana

21   law, and the venue for any legal action related to the agreement

22   was to be the federal or state courts located in Indiana.

23        The terms of the joint venture as described were memorialized

24   in a contract titled "Contractor Agreement" signed by both

25   Plaintiffs and Defendant.  The negotiations related to the

26   agreement occurred via email and Internet Chat.  Defendant agreed

27   to create and maintain the website and Youtube.com channel.  The

28   agreement assigned 30% of gross revenues from the Youtube.com

channel to Plaintiffs.  Defendant also agreed to promote the sale of certain OMG Facts products such as t-shirts on the OMG Facts website.  Plaintiffs retained 100% of the revenues from t-shirt sales.  Finally, Defendant agreed to advertise Adorian Deck's personal Youtube.com channel on the OMG Facts website.  In exchange, Plaintiffs agreed to assign to Defendant all existing and future interests in title and copyright of work related to the subject matter of the parties' agreement.  Adorian Deck further agreed to render services to Defendant via the Internet from time to time.

Adorian Deck resides in Nevada County, California.  He was born on May 22, 1993 and was a minor when this action was filed. In an "OMG-moment" prior to his 18th birthday, Adorian Deck notified Defendant that he wished to disaffirm the parties' agreement and later filed the instant action to that effect. Plaintiffs seek a return of the OMG Facts related intellectual property.  Plaintiffs' Complaint includes the following causes of action: 1) Rescission of Contract under California Family Code § 6710; 2) False Designation of Origin, 15 U.S.C. § 1125(a)(1)(A); 3) False Advertising, 15 U.S.C. § 1125(a)(1)(B); and 4) Unfair Competition and False Advertising, California Bus. & Prof. Code §§ 17200-17210.

The Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 1367.  Additionally, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

1                              II.   OPINION

2        A.   Legal Standard

3        Federal Rules of Civil Procedure 12(b) sets forth defenses

4   that may be raised in response to claims for relief including lack

5   of subject matter jurisdiction, lack of personal jurisdiction,

6   improper venue, insufficient process, insufficient service of

7   process, failure to state a claim, and failure to join a party

8   under Rule 19.   Fed. R. Civ. P. 12(b).

9        In considering a motion to dismiss, the Court must accept the

10  allegations in the Complaint as true and draw all reasonable

11  inferences in favor of the plaintiff.   Scheuer v. Rhodes, 416 U.S.

12  232, 236 (1974), overruled on other grounds by Davis v. Scherer,

13  468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).

14  Assertions that are mere "legal conclusions," however, are not

15  entitled to the assumption of truth.   Ashcroft v. Iqbal, 129 S. Ct.

16  1937, 1950 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544,

17  555 (2007).   To survive a motion to dismiss, a plaintiff needs to

18  plead "enough facts to state a claim to relief that is plausible on

19  its face."   Twombly, 550 U.S. at 570.   Dismissal is appropriate

20  where the plaintiff fails to state a claim supportable by a

21  cognizable legal theory.   Balistreri v. Pacifica Police Department,

22  901 F.2d 696, 699 (9th Cir. 1990).

23       B.   Personal Jurisdiction

24       Defendant, an Indiana corporation, argues that this Court does

25  not have personal jurisdiction over it because it lacks sufficient

26  contacts with California to satisfy a "minimum contacts" analysis.

27  Plaintiffs contend that sufficient minimum contacts arose when

28  Defendant executed a contract with Plaintiff Deck, a California

                                    4

resident and minor at the time, which required continuing performance on Plaintiff Deck's part for the life of the contract.

When a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the court's personal jurisdiction over the defendant. Cubbage v. Merchant, 744 F.2d 665, 667 (9th Cir. 1984). If the district court does not conduct an evidentiary hearing on the jurisdictional challenge, a plaintiff need only make a prima facie showing of personal jurisdiction. Action Embroidery Corp. v. Atlantic Embroidery, Inc., 368 F.3d 1174, 1177 (9th Cir. 2004). In determining if a prima facie showing has been made, the court must take the uncontroverted allegations of the Complaint as true, and conflicts between the parties' affidavits must be resolved in plaintiff's favor. Id.

> Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same.

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004) (internal citations omitted). Federal due process is satisfied when the nonresident defendant has "minimum contacts" with the forum state, "such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." Id. at 801 (quoting Int'l Shoe v. Washington, 326 U.S. 310, 316 (1945)). Minimum contacts give rise to either general jurisdiction or specific jurisdiction. Id. at 801-02.

To demonstrate general jurisdiction, a plaintiff must show that a defendant's contacts were continuous and systematic. Id. at 801. Plaintiffs do not argue in their opposition brief that the

1  Court has general jurisdiction over Defendant, but focus only on

2  specific jurisdiction.  Accordingly, the Court finds that

3  Plaintiffs do not meet their burden to show general jurisdiction.

4       To evaluate the nature and quality of a defendant's contacts

5  for purposes of specific jurisdiction, the Ninth Circuit uses a

6  three part test: 1) some action must be taken whereby the defendant

7  purposefully avails himself of the privilege of conducting

8  activities in the forum, thereby invoking the benefits and

9  protections of the forum's laws; 2) the claim must arise out of the

10  defendant's activities in the forum; and 3) the exercise of

11  personal jurisdiction must comport with fair play and substantial

12  justice.  Id. at 802.

13            1.   Purposeful Availment[2]

14       A showing that a defendant purposefully availed
          himself of the privilege of doing business in a forum
15       state typically consists of evidence of the
          defendant's actions in the forum, such as executing or
16       performing a contract there.  By taking such actions,
          a defendant 'purposefully avails itself of the
17       privilege of conducting activities within the forum
          State, thus invoking the benefits and protections of
18       its laws.'

19  Id. at 803 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

20  Purposeful availment is also found where a nonresident defendant

21  "performed some type of affirmative conduct which allows or

22  promotes the transaction of business within the forum state."  Doe

23  ─────────────────────

[2] The parties debate about the distinction between purposeful
24  availment and purposeful direction.  The Ninth Circuit recognizes
    both purposeful availment and purposeful direction as sufficient
25  bases to show a nonresident defendant's minimum contacts.  See
    Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th
26  Cir. 2004).  Since the Court finds that Defendant is subject to
    personal jurisdiction through purposeful availment, it is not
27  necessary to determine whether or not Defendant also purposefully
    directed activity toward California.

28

1   v. Unocal Corp., 248 F.3d 915, 924 (9th Cir. 2001) (quoting Sinatra

2   v. National Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988)).

3   Here, Plaintiffs allege that Defendant executed a contract with a

4   minor who was and continues to be a California resident.

5   Plaintiffs further allege that the intellectual property that was a

6   significant portion of the subject matter of the contract was

7   created by Adorian Deck while residing in California.  Plaintiffs,

8   California residents, claim that Defendant sought to contract with

9   them for purchase of the OMG Facts intellectual property.

10  Plaintiffs also allege that Adorian Deck was to perform under the

11  contract in California.  Defendant argues it did not establish

12  minimum contacts with California because it conducts no business

13  there beyond maintaining a single employee who is able to live in

14  this state because his work is conducted exclusively online.

15      Defendant's argument ignores the properly pleaded terms of the

16  contract between the parties.  Plaintiffs allege that Defendant

17  purchased intellectual property from Plaintiffs, both California

18  residents, and established an ongoing relationship with Adorian

19  Deck who was to "render internet related services as requested by

20  [Defendant] from time to time." Compl. Ex. #1, at 2.  It is

21  immaterial that the primary method of communication between the

22  parties was electronic and that Adorian Deck's performance was to

23  occur online.  The Internet is not a place, and Adorian Deck was to

24  complete his performance in California, his place of residence.

25  The fact that he was to send the resulting materials to Defendant

26  via the Internet does not change the nature of the parties'

27  relationship.  The entire relationship arose, as alleged by

28  Plaintiffs and adopted for the purposes of this motion as true,

1   when Defendant approached Adorian Deck about entering into an

2   ongoing contractual agreement, giving rise to a business

3   transaction sufficient to show purposeful availment. <u>Sinatra v.</u>

4   <u>Nat'l Enquirer, Inc.</u>, 854 F.2d 1191, 1195 (9th Cir. 1988) ("[T]he

5   solicitation of business in the forum state that results in

6   business being transacted or contract negotiations will probably be

7   considered purposeful availment.") (citing <u>Decker Coal Co. v.</u>

8   <u>Commonwealth Edison Co.</u>, 805 F.2d 834, 840 (9th Cir. 1986)).

9        Based on the allegations in the Complaint, and, primarily, the

10  undisputed fact that Defendant solicited Deck's business in

11  California (rather than the other way around), the Court finds that

12  Defendant purposefully availed itself of the benefits and

13  protections of California law when it solicited business from

14  Adorian Deck, then a minor resident of California, and then entered

15  into an ongoing contractual relationship with him.

16            2.   <u>The Claims' Relation to Defendant's Forum Activities</u>

17       Plaintiffs allege and Defendant does not dispute that the

18  dispute arises out of the contractual relationship between the

19  parties. Accordingly, the Court finds that Plaintiffs' claims are

20  sufficiently related to Defendant's forum activities to satisfy

21  this prong of the "minimum contacts" analysis.

22            3.   <u>Fair Play and Substantial Justice</u>

23       Once a plaintiff makes a prima facie showing of personal

24  jurisdiction by satisfying the first two prongs of the specific

25  jurisdiction minimum contacts analysis, the burden shifts to the

26  defendant to make a compelling case that personal jurisdiction is

27  unreasonable. <u>Menken v. Emm</u>, 503 F.3d 1050, 1057 (9th Cir. 2007)

28  (citing <u>Schwarzenegger</u>, 374 F.3d at 802).

1
2
3
4

> [I]t is not enough that the [defendant] demonstrate
> that some other forum is more reasonable than
> California, it must show a due process violation; it
> must show that jurisdiction in California would make
> the litigation 'so gravely difficult and inconvenient
> that a party unfairly is at a severe disadvantage in
> comparison to his opponent.'

5   Sher v. Johnson, 911 F.2d 1357, 1365 (9th Cir. 1990) (quoting

6   Burger King, 471 U.S. at 478).  The factors to determine whether

7   exercising personal jurisdiction is fair and reasonable are:

8
9
10
11
12
13

> (1) the extent of the defendants' purposeful
> interjection into the forum state's affairs; (2) the
> burden on the defendant of defending in the forum;
> (3) the extent of conflict with the sovereignty of the
> defendants' state; (4) the forum state's interest in
> adjudicating the dispute; (5) the most efficient
> judicial resolution of the controversy; (6) the
> importance of the forum to the plaintiff's interest in
> convenient and effective relief; and (7) the existence
> of an alternative forum.

14   Menken, 503 F.3d at 1058 (citing CE Distrib., LLC v. New Sensor

15   Corp., 380 F.3d 1107, 1112 (9th Cir. 2004)).

16        Factor (1), the extent of the defendants' purposeful

17   interjection into the forum state's affairs, favors Plaintiffs.

18   Defendant reached out to a California resident, a minor, to propose

19   and enter into an ongoing joint venture agreement.  There is no

20   indication from either party that Plaintiffs reached out to

21   Defendant, an Indiana Corporation, to initiate their business

22   relationship.

23        Factor (2), the burden on the defendant of defending in the

24   forum, favors Plaintiffs.  Requiring a nonresident defendant to

25   defend locally is not unreasonable "in this era of fax machines and

26   discount air travel."  Sher, 911 F.2d at 1365.  Further, Defendant

27   points out that some of its work can be accomplished by employees

28   through any connection to the Internet, which reduces Defendant's

1  burden in defending locally.  Decl. of Emerson Spartz ¶3.  The

2  Court acknowledges that Defendant will face some expense associated

3  with an out of state defense; however, Defendant fails to show that

4  its burden places it at such a disadvantage that due process is

5  implicated.

6      Factor (3), the extent of conflict with the sovereignty of the

7  defendant's state, favors Plaintiffs.  There is no indication that

8  litigation of this matter in California creates a conflict with the

9  sovereignty of the State of Indiana.

10     Factor (4), the forum state's interest in adjudicating the

11 dispute, favors Plaintiffs.  It is true, as Defendant argues, that

12 Indiana has an interest in adjudicating claims against its

13 corporations as they employee Indiana citizens and pay Indiana

14 taxes.  However, California has a strong interest in protecting its

15 minor residents from contractual obligations when they wish to

16 disaffirm them.  See Cal. Fam. Code § 6710 (permitting minors to

17 disaffirm most contracts); see also Niemann v. Deverich, 98

18 Cal.App.2d 787, 793 (1950) ("It is the policy of the law to protect

19 a minor against himself and his indiscretions and immaturity as

20 well as against the machinations of other people and to discourage

21 adults from contracting with an infant.").  In the balance,

22 California's interest in protecting its minor residents from

23 contractual obligations arising during their legal incapacity is

24 stronger than Indiana's interest in protecting its corporate

25 citizens as it is not unusual for corporations to engage in

26 business across state lines.

27     Factor (5), the most efficient judicial resolution of the

28 controversy, is neutral.  This action is already before this Court,

making dismissal and refiling in Indiana less efficient than adjudication in California.  Defendant does argue that many of its witnesses and much of its supporting evidence are in Indiana.  On the other hand, both Plaintiffs reside here in California.

Factor (6), the importance of the forum to the plaintiffs' interest in convenient and effective relief, favors Plaintiffs. Adorian Deck is an 18 year old resident of California.  This action arises from a contract that was executed when he was a minor, and without legal capacity to contract.  Cal. Fam. Code § 6710. Defendant does not address this factor, and this Court finds that Adorian Deck will be burdened by out of state litigation such that his interest in convenient and effective relief will be severely harmed.

Factor (7), the existence of an alternative forum, favors Defendant.  No party argues that Indiana courts are unavailable or insufficient for the purposes of this litigation.

Weighing all the factors, this Court finds that Defendant has failed to carry its burden to show that litigation in California is "so gravely difficult and inconvenient" that its right to due process is violated by this action.  <u>Burger King</u>, 471 U.S. at 478.

Plaintiffs demonstrate a prima facie case that this Court has personal jurisdiction over Defendant, which Defendant fails to rebut.  For this reason, Defendant's motion to dismiss for lack of personal jurisdiction is DENIED.

C.    <u>The Forum Selection Clause</u>

Defendant argues that the contract between it and Plaintiffs contains a forum selection clause that requires this action to be filed in Indiana.  Defendant further argues that Plaintiffs did not

1    restore consideration paid to them under the agreement, making any

2    attempted disaffirmation ineffective.  Plaintiffs argue that the

3    contract was disaffirmed on adequate grounds, and the entire

4    contract is now void, including the forum selection clause.

5    Plaintiffs respond to the consideration issue by saying that

6    returning consideration is not necessary.

7        California law permits a minor to disaffirm a contract during

8    minority or within a reasonable time after reaching majority.  Cal.

9    Fam. Code § 6710.  "A contract (or conveyance) of a minor may be

10   avoided by any act or declaration disclosing an unequivocal intent

11   to repudiate its binding force and effect."  Spencer v. Collins,

12   104 P. 320, 322 (Cal. 1909).  A minor's disaffirmation need not be

13   in writing, as oral disaffirmation is sufficient.  Pereira v.

14   Toscano, 258 P. 429, 431 (Cal. Dist. Ct. App. 1927).

15   Disaffirmation by a minor rescinds the entire contract, rendering

16   it a nullity.  Scollan v. Gov't Employees Ins. Co., 222 Cal.App.2d

17   181, 183-84 (1963).  The effect of disaffirmation by a minor is

18   largely the same as rescission, and as such a legal action for

19   disaffirmation is one in equity, and "the trial court is vested

20   with a broad discretion to see that equity is done."  Le Baron v.

21   Berryessa Cattle Co., 248 P. 779, 784 (Cal. Dist. Ct. App. 1926).

22       Adorian Deck alleges in the Complaint that he earlier provided

23   notice of his intent in writing to disaffirm the contract to

24   Defendant.  Compl. ¶ 17.  Defendant does not dispute this

25   allegation.  Further, the Complaint itself, also filed while

26   Adorian Deck was a minor, states intent to disaffirm the contract.

27       Adorian Deck alleges that he disaffirmed the contract that is

28   the subject matter of this litigation while a minor.  The legal

12

1 | effect of the alleged disaffirmation, interpreting the facts as

2 | stated in the Complaint as true for the purposes of this motion, is

3 | that all terms of the contract are now legally void.

4 | There is case law stating that a disaffirmation by a minor

5 | does not require the return of consideration for the disaffirmation

6 | to be effective if the disaffirmation is made before the minor

7 | reaches the age of majority, but that a disaffirmation post

8 | majority requires the return or offer to return consideration

9 | received.  See e.g. Burnand v. Irigoyen, 30 Cal.2d 861, 865

10 | (stating the pre and post minority disaffirmation rules).  The

11 | underlying law, Cal. Civ. Code § 35 was repealed and replaced with

12 | Cal. Fam. Code § 6710.  See Id.; Berg v. Traylor, 56 Cal. Rptr. 3d

13 | 140, 147 (Ct. App. 2007).  Section 6710 no longer requires

14 | restoration of consideration for any disaffirmed contract.  This

15 | position is supported by the result in Berg v. Traylor.  In that

16 | case, a minor was permitted to disaffirm all obligations under a

17 | contract, even for services previously rendered, without restoring

18 | consideration or the value of services rendered to the other party.

19 | Berg, 56 Cal. Rptr. 3d at 147-48.

20 | For these reasons, the Court finds that the forum selection

21 | clause is not enforceable due to Adorian Deck's alleged

22 | disaffirmation, and the Defendant's motion to dismiss on this

23 | ground is DENIED.

24 | D.   Venue

25 | Plaintiffs allege that venue is proper in this judicial

26 | district pursuant to 28 U.S.C. §§ 1391(a), (b), and (c).  Compl.

27 | ¶2.  Defendant argues that a venue analysis is only proper under

28 | § 1391(b) since this action is not based solely on the Court's

1   diversity jurisdiction, and that venue is improper under this

2   section.

3       28 U.S.C. § 1391(b) indicates that venue is proper 1) in any

4   district "where any defendant resides, if all defendants reside in

5   the same State."  Thereafter, subsection (c) explains that a

6   defendant corporation resides in any district where it is subject

7   to personal jurisdiction at the time the action commences.  28

8   U.S.C. § 1391(c).

9       Here, the only defendant is Spartz, Inc., an Indiana

10  corporation.  Based on the allegations in Plaintiffs' Complaint,

11  the Court found personal jurisdiction over Defendant.  Since

12  Defendant is subject to personal jurisdiction in this district,

13  this district is a proper § 1391(b) venue for this action since,

14  according to 28 U.S.C. § 1391(c), Defendant resides in this

15  district.  Defendant's motion to dismiss for lack of venue is

16  DENIED.

17      E.   Defendant's Motion to Dismiss For Failure to State a
             Claim
18

19           1.   First Cause of Action

20      Defendant argues that Plaintiff MaryLou Deck does not have a

21  disaffirmation right under California law, and that she should be

22  dismissed from the lawsuit.  Plaintiffs agree, and explain that

23  MaryLou Deck was included in the Complaint only due to Adorian

24  Deck's minor status at the time of filing, but her presence in

25  light of Adorian's 18th birthday is unnecessary.  The Court agrees.

26  The motion to dismiss MaryLou Deck from this action is GRANTED.

27      Defendant argues that Plaintiff Adorian Deck does not state a

28  claim upon which relief can be granted because on the one hand Deck

14

1   seeks to disaffirm the contract between the parties, while on the

2   other hand he seeks damages for contractual breach as if the

3   contract is still in force.  Deck responds that he has

4   unequivocally alleged his intention to seek complete disaffirmance

5   of the contract and Defendant's motion herein is simply a quarrel

6   over the remedies available to Deck upon disaffirmance.  The Court

7   agrees.

8       At this stage in the litigation, a dispute about the

9   appropriate equitable remedies does not make Deck's claim subject

10  to dismissal.  The Complaint provides Defendant fair notice of the

11  grounds upon which this action is predicated.  Bell Atl. Corp. v.

12  Twombly, 550 U.S. 544, 554-56 (2007) (Federal Rules of Civil

13  Procedure 8(a)(2) only requires a plaintiff to state the grounds

14  for relief and factual allegations sufficient to raise "the right

15  to relief above the speculative level. . . .").  Further, Plaintiff

16  clearly alleges that Defendant continues to operate as if the

17  contract was not disaffirmed, necessitating the present action.

18  Thus, Plaintiff properly pleads a cause of action for

19  disaffirmation.  The specific remuneration available to each party

20  as a result is to be determined at a later stage based on the

21  Court's broad discretion to provide remedies in equity.  Le Baron,

22  248 P. at 784.  Accordingly, the motion to dismiss the First Cause

23  of Action is DENIED.

24          2.  Second, Third, and Fourth Causes of Action

25      Defendant seeks to dismiss the remaining causes of action

26  based generally on the unauthorized use of Plaintiff's common law

27  trademark on the grounds that Plaintiff has not unequivocally

28  disaffirmed the contract between the parties.  Defendant's argument

1   is that if the contract is still valid, then Plaintiff cannot claim

2   that use of the mark is without authorization.  Plaintiff claims

3   that written notice of disaffirmation was provided and that at the

4   least, the present action is sufficient to disaffirm the contract.

5   Further, Plaintiff argues that since the contract is disaffirmed,

6   Defendant wrongfully used and continues to use Plaintiff's mark in

7   violation of the Lanham Act, 15 U.S.C. § 1125.

8        As discussed above, the Court finds that Plaintiff has

9   sufficiently plead the disaffirmation of the contract.  As a

10  result, Plaintiff likewise has properly pled the revocation of

11  Defendant's permission to use Plaintiff's mark.  The Complaint

12  clearly states that Plaintiff intends to disaffirm the contract

13  between the parties, which is a legally sufficient disaffirmation.

14  Compl. ¶ 17; Spencer, 104 P. at 322.  The Complaint also alleges

15  that Plaintiff previously notified Defendant that he wished to

16  disaffirm the contract.  Compl. ¶ 17.  Since the only argument

17  against the second, third, and fourth causes of actions is that the

18  contract was not disaffirmed, and the Court finds that Plaintiff

19  sufficiently pleaded the agreement's disaffirmation, the motion to

20  dismiss the remaining causes of action is DENIED.

                            III. ORDER

22       For the reasons set forth above,

23       Defendant's motion to dismiss is DENIED with respect to

24  Plaintiff Adorian Deck and GRANTED with respect to Plaintiff

25  Marylou Deck.

26       IT IS SO ORDERED.

27  Dated: September 27, 2011

                            _____
                            JOHN A. MENDEZ,
28                          UNITED STATES DISTRICT JUDGE